**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:14CV582-RJC-DSC**

| | |
|---|---|
| **BRENDA K. GREEN,** )<br>      **Plaintiff,** )<br>)<br>      vs. )<br>)<br>**CAROLYN W. COLVIN,** )<br>**Commissioner of Social** )<br>**Security Administration,** )<br>      **Defendant.** )<br>_____) | **MEMORANDUM AND RECOMMENDATION<br>OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #6) and "Memorandum ..." (document #7), both filed February 17, 2015, and Defendant's "Motion for Summary Judgment" (document #8) and "Memorandum … in Support ..." (document #9), both filed April 20, 2015.

On May 11, 2015, the Court granted the parties leave to file supplemental briefs limited to addressing the potential impact of the Court of Appeals decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). See documents ##11 and 12.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Summary Judgment be denied; that the Commissioner's decision be reversed, and this matter be remanded for further proceedings consistent with this

1

Memorandum and Recommendation.

## I. PROCEDURAL HISTORY

On February 7, 2011, Plaintiff filed an application for a period of disability, disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") alleging that she was unable to work as of December 11, 2010. (Tr. 168).

Plaintiff's application was denied initially and upon reconsideration. Plaintiff subsequently requested a hearing which was held on March 20, 2013. (Tr. 54).

On May 3, 2013, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (Tr. 33-53). The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 38). The ALJ also found that Plaintiff suffered from dermatomyositis, mitral valve disease, osteoarthritis, fibromyalgia and depression, which were severe impairments within the meaning of the regulations but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 38). The ALJ found that Plaintiff had mild restrictions in activities of daily living and social functioning, and moderate difficulties in maintaining concentration, persistence or pace. (Tr. 39).

The ALJ found that Plaintiff retained the Residual Functional Capacity ("RFC")[1] to perform light work[2] with restrictions limiting her to work involving occasional climbing,

---

[1]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[2]"Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or

2

balancing, stooping, kneeling, crouching, and crawling, and reaching with her left upper extremity. Plaintiff was further restricted to avoid concentrated exposure to hazards such as dangerous heights and moving machinery. She was also "limited to simple, routine, repetitive tasks." (Tr.40).

The ALJ then found that Plaintiff could not perform her past relevant work. (Tr. 46).

The ALJ shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical, the Vocational Expert ("V.E.") identified jobs (children's attendant and sandwich board carrier) that Plaintiff could perform (Tr. 46-47). The V.E. also stated that 3,690 of those jobs existed in North Carolina. (Tr. 47). The ALJ found Plaintiff capable of performing work existing in significant numbers in the national economy, and concluded that she was not disabled during the relevant period. (Tr. 130-31).

Plaintiff filed a timely Request for Review by the Appeals Council. On August 19, 2014, the Appeals Council denied Plaintiff's Request for Review. (Tr. 2).

Plaintiff filed the present action on October 17, 2014. She assigns error to the ALJ's formulation of her mental RFC and particularly to the ALJ's failure to account for her moderate difficulty with concentration, persistence or pace. See Plaintiff's "Supplemental Memorandum ..." at 1-3 (document #11). The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

---

pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson,

4

483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time[3] before her date last insured of December 11, 2010. Plaintiff challenges the ALJ's determination of her RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

Plaintiff has the burden of establishing her RFC by showing how her impairments affect her functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo),

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

5

adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio, supra, the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

In Mascio, the Court also "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting Winschel v.Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). See also SSR 96-8p (where ALJ completes Psychiatric Review Technique Form ("PRTF"), mental RFC evaluation for use at steps 4 and 5 "requires a more detailed assessment by itemizing various functions … summarized on the PRTF"). "The ability to perform simple tasks differs from the ability to stay on pace. Only the later limitation would account for a claimant's limitation in concentration, persistence or pace." Id.

Applying those legal principles to the record in this case, the undersigned concludes that this matter should be remanded for a new hearing. In his formulation of Plaintiff's RFC, the ALJ accounted for her moderate difficulties in maintaining concentration, persistence or pace, if at all, with a limitation to "simple, routine, repetitive tasks." (Tr.40). Even if supported by substantial evidence, a limitation to simple tasks or instructions does not "account for a limitation in concentration, persistence or pace." Id. As in Mascio, "[p]erhaps the ALJ can explain why

[Plaintiff's] moderate limitation in concentration, persistence or pace … does not translate into a limitation in [her] residual functional capacity…. But because the ALJ gave no explanation, a remand is in order." Id.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #6) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #8) be **DENIED**; and that the Commissioner's decision be **REVERSED**, and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[4]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v.

---

[4]Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: June 15, 2015

David S. Cayer
United States Magistrate Judge